NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SONIA DEL CARMEN CAÑAS DE SIERRA, | No. 21-1236 |
| Petitioner, | Agency No. A209-835-709 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023**
Pasadena, California

Before: M. SMITH, HAMILTON,*** and COLLINS, Circuit Judges.

Sonia del Carmen Cañas de Sierra, a citizen of El Salvador, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") upholding a

decision of an Immigration Judge ("IJ") denying her applications for asylum and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

\*\*\* The Honorable David F. Hamilton, Senior United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

withholding of removal and ordering her removed to El Salvador.[1]  We have

jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C.

§ 1252.  We review the agency's legal conclusions de novo and its factual findings

for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).

Under the latter standard, the "administrative findings of fact are conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary."

8 U.S.C. § 1252(b)(4)(B).  We conclude that substantial evidence supports the

agency's denial of Cañas de Sierra's applications for asylum and withholding of

removal, and we therefore deny the petition.

Cañas de Sierra, the owner of a small business, testified that she and "many"

other business owners were extorted for cash by gang members.  The gang

members subsequently told Cañas de Sierra to traffic drugs for them and said they

would "burn" her in her car if she did not.  Cañas de Sierra subsequently borrowed

money through a friend and left El Salvador for the United States.  Cañas de Sierra

testified that while her brother had informed her that gang members asked about

her after her departure, "nothing has happened" to her siblings in El Salvador.  A

nephew named Carlos Medrano, however, had been killed by the Mara 18 gang for

---

[1] The IJ also denied relief under the Convention Against Torture, but Cañas de Sierra did not challenge that denial either in her appeal to the BIA or in her opening brief in this court.  We therefore deemed that issue to be forfeited.  *See Escobar Santos v. Garland*, 4 F.4th 762, 764–65 n.1 (9th Cir. 2021).

helping the MS-13 gang.

On this record, substantial evidence supported the agency's conclusion that the threats Cañas de Sierra received "were on account of criminality and not her status as a woman business owner," and that Cañas de Sierra therefore "did not establish a nexus between the proposed particular social groups of 'women,' 'business owners,' or 'women business owners'" and her feared persecution, as necessary to prevail on her asylum and withholding claims. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Petition **DENIED**.